UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JAMILA MITCHELL,<br><br>　　　　　　Plaintiff,<br><br>VERSUS<br><br>DAVID M. VIETH, D.D.S. (individually and officially); DAVID M. VIETH, D.D.S., a professional corporation doing business as KOOL SMILES (trade mark),<br><br>　　　　　　Defendants. | CIVIL ACTION NO. 6:12-cv-02151-RTH-CMH<br><br>JUDGE: RICHARD T. HAIK<br><br>MAGISTRATE: C. MICHAEL HILL |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS TO EXTEND DEADLINES**

Defendants, David M. Vieth, D.D.S., A Professional Corporation, d/b/a Kool Smiles and David M. Vieth, D.D.S. ("Defendants"), submit the following Opposition to Plaintiff's Motions to Extend Deadlines for her to respond to the three motions for summary judgment filed on October 16, 2013.[1]  Plaintiff's Motions should be denied for the following reasons.

First, Plaintiff made no good faith attempt to confer with Defendants' counsel prior to moving for an extension of time, as is required by the Rules.

> A motion for continuance or for extension of time shall be accompanied by a certificate by the applicant's attorney that (1) there is or is not opposition to the request; and, if there is opposition, the reasons therefor, or, (2) if neither is obtainable, a statement of the efforts made by the applicant to secure the same. Local Rule 7.9.

Local Rule 7.4.1 further requires that:

> Prior to filing any motion under this section, with the exception of #10 [motion to withdraw as counsel], the moving party shall attempt to obtain consent for the filing and granting of such motion from all parties having

---

[1] Dkts. 45 46, and 50.

1

>an interest to oppose, and a certificate of this attempt shall be included in the motion.

Ms. Angus made no such attempt to confer with the undersigned prior to moving for an extension.[2] Defendants' counsel received no phone calls, voicemails or emails in advance of Plaintiff's Motions.

Importantly, Plaintiff's Motions provide no actual deadline upon which she can provide her oppositions. The Motions are merely open ended requests to the Court. These deficiencies alone should result in the Court's denial of Plaintiff's Motions.

Second, Plaintiff missed her deadline to respond to Defendants' motions for summary judgment. The Court's October 17, 2013 Notice fixed the opposition deadline as November 6, 2013, *i.e.* 21 days from October 16, 2013, the date the motions were filed.[3] The Court also made clear that "OPPOSITION TO THE MOTION MUST BE FILED TIMELY OR THE MOTION WILL BE CONSIDERED UNOPPOSED." Plaintiff had timely and adequate notice of the deadlines and the consequences for failing to act in accordance with the Court's directives.[4] The summary judgment motions were deemed unopposed when Plaintiff failed to timely respond on November 6, therefore the Court should proceed with its deliberations of Defendants' motions as they were unopposed.[5]

Finally, even if the Court desires to exercise its broad discretion in considering Plaintiff's Motions, it should deny her requests because Plaintiff has not provided good cause for

---

[2] This is the fifth time in the month of November that Plaintiff's counsel has filed motions with the Court representing that she has conferred with Defendants' counsel when she has made no attempt to do so. *See also* Dkts. 37, 40, 47 and 48.

[3] Dkts. 33, 34 and 35.

[4] On October 16, 2013, Defendants also filed their Second Motion to Compel Discovery. Dkt. 32. On October 17, 2013, Judge Hill issued the same 21-day deadline for Plaintiff to file any opposition, *i.e.* by November 6, 2013. Dkt. 36. Seemingly aware of the deadline, Plaintiff filed an Opposition on November 4, 2013. Dkt. 37.

[5] *See e.g.*, In *Link v. Wabash R. Co.*, 370 U.S. 626 (1962), the United States Supreme Court held that a client may be made to suffer the consequence of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial conference.

seeking an extension of time. *McCarty v. Thaler*, 376 Fed. Appx. 442 (5th Cir. Apr. 30, 2010) (unpubl.) (affirming the lower court's denial of motion for extension). Federal Rule 6(b)(1) states:

> (1) *In General.* When an act may or must be done within a specified time, the court may, *for good cause*, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

The determination of excusable neglect in an equitable one. Courts take into account all of the relevant circumstances surrounding the party's omission. "These include . . . the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 468 (5th Cir. 1998) (citing *In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395-97 (1993)).

Plaintiff's representations to the Court are, first and foremost, erroneous and in bad faith. Specifically, Plaintiff states that she did not receive service of the motions for summary judgment until October 22, 2013.[6] Plaintiff's counsel was on notice via the Scheduling Order issued on April 2, 2013, that the dispositive motion deadline was October 16, 2013. If Plaintiff's counsel was having computer problems and/or changing Internet service providers, then she should have ensured the Court had the correct email address for electronic service and should have checked the docket when she became aware of the trouble with her Internet connection. This is within her control.

---

[6] Dkt. 46, ¶1.

Plaintiff's counsel sent an email to the undersigned's paralegal after the close of business on October 17, 2013 reporting that her email had been down since Friday, October 11, 2013. **Exhibit 1.** She further stated that the system was "back up and operating." *Id*. On Friday morning, October 18, 2013, Plaintiff's counsel contacted the undersigned by phone and reported the problem with receiving emails. The undersigned told counsel that emails were sent on October 16, but none of them bounced back as undeliverable. The undersigned resent all of the emails to a new email address provided by counsel, as well as to her law firm email accounts. **Exhibit 2.** The undersigned then sent a follow up email alerting Plaintiff's counsel that Defendants filed several motions on October 16. **Exhibit 3.** None of these emails came back as undeliverable. Therefore, the undersigned presumed that all had been received.

Plaintiff's counsel called back on the afternoon of October 18, stating that she did not receive the undersigned's emails from the morning. She had also provided an incorrect email address. Counsel then spent time on the phone sending test emails back and forth to ensure the systems were working properly. The undersigned placed the attachments to the emails on a disc and sent them by mail to Plaintiff's counsel. While on the phone, counsel also discussed that Defendants filed multiple summary judgment motions on the 16th. There was no discussion of any need for extension. By Plaintiff's own admission, she then waited until the 22nd to secure copies of the filings from the Court. This is not a good faith basis for extension.

Next, Plaintiff appears to assert that Defendants served her with over 6000 documents on October 22, 2013, and therefore she needs more time to review these before opposing summary judgment.[7] This is patently false and a total misrepresentation to the Court. Attached in **Exhibit 4** are copies of the service letters, which demonstrate as follows:

- Defendants produced documents Bates labeled Nos. 1-5 on June 13, 2013;

---

[7] Dkt. 46, ¶¶ 2, 3.

- Defendants produced documents Bates labeled Nos. 6-1850 on August 6, 2013;

- Defendants produced documents Bates labeled Nos. 2109-2191 and 2205-2330 on September 3, 2013;

- Defendants produced documents Bates labeled Nos. 1851-2108, 2192-2204, 2331-5517, and 5524-5976 on October 11, 2013;

- Defendants produced documents Bates labeled Nos. 5977-6758 on October 16, 2013 by email;

- Defendants *reproduced* the documents from October 16th on disc upon learning on October 18th that Plaintiff's counsel did not receive them by email; and

- On October 28, 2013, after learning from Plaintiff's counsel that she did not receive documents produced on September 3rd, the undersigned *reproduced* on disc all documents produced during the course of discovery.

Plaintiff had ample time to review the documents in this case. Nonetheless, she admittedly has now had more than three weeks to review them. These are not complex documents to review, the bulk are miscellaneous emails which have no bearing on the issues in the case, but were merely responsive to Plaintiff's blanket requests for all emails sent to Plaintiff during her employment. More importantly, if this amount of document production was a problem for Plaintiff, she knew this well before November 12th, the date she filed for extension.

Plaintiff has presented a pattern of failing to meet deadlines in the case. The docket reveals that Plaintiff has previously missed the following deadlines (**Exhibit 5**):

- Plaintiff failed to timely file a responsive pleading to Defendants' Counterclaim. After Defendants filed a Motion for Default, Plaintiff submitted her Answer. Dkts. 12-13;

- Plaintiff did not timely serve three individual Defendants (Posey, Kim, and Baron) or respond to the Court's intent to dismiss them as parties. Dkts. 16-17;

- Plaintiff did not timely respond to discovery. After waiting nearly three months for responses, Defendants moved to compel. Plaintiff did not timely oppose the motion and it was granted. Dkts. 24-26; and

- Plaintiff did not fully comply with the Court's Order compelling her to comply with discovery, nor did she respond to subsequent sets of discovery served in the case. Defendants now have a second Motion to Compel pending before Judge Hill. Dkt. 32.

Plaintiff has repeatedly demonstrated that deadlines are of no consequence. This request for extension is simply an attempt to delay Defendants' ability to have this case dismissed.

The pre-trial deadlines are looming and Defendants will soon have to begin preparing for trial in accordance with the Scheduling Order. Defendants, who have already incurred significant expense in this case, are now faced with having to incur additional time and expense preparing for trial because Plaintiff's extension will reduce the amount of time the Court has to rule upon the motions before the pre-trial deadlines commence on December 26, 2013.[8] Plaintiff's continued delays in this case have and will continue to prejudice the Defendants.

Accordingly, Defendants request that Plaintiff's Motions for Extensions be denied. In the alternative, should the Court in its discretion provide Plaintiff with an extension, Defendants request the Court consider that Plaintiff has already had twenty-eight days to respond and limit any extension of time to no more than five days.

---

[8] Dkt. 18.

Submitted this 12th day of November, 2013.

                                      *s/ Michelle I. Anderson*
KEITH M. PYBURN, JR.
Louisiana Bar No. 10914
MICHELLE I. ANDERSON
Louisiana Bar Roll No. 32090
FISHER & PHILLIPS LLP
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850
Email: kpyburn@laborlawyers.com
manderson@laborlawyers.com

**COUNSEL FOR DEFENDANTS, DAVID M. VIETH D.D.S. AND DAVID M. VIETH D.D.S. d/b/a KOOL SMILES.**

## CERTIFICATE OF SERVICE

I do hereby certify that on November 12, 2013, I filed the foregoing with the Clerk of Court using the ECF/CM system, which will serve notice upon the following counsel of record:

Gloria Angus
Attorney for Plaintiff
P.O. Box 2337
Opelousas, LA 70571

                                      *s/ Michelle I. Anderson*
Michelle I. Anderson