UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Mitchell                         Civil Action No. 12-02151

versus                        Judge Richard T. Haik, Sr.

David M. Vieth, D.D.S., et al        Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is defendants, David M. Vieth, D.D.S., a Professional Corporation d/b/a Kool Smiles and Dr. David M. Vieth's, Motion For Attorneys' Fees On Plaintiff's Substantive Claims [Rec. Doc. 85] and plaintiff, Jamila Mitchell's Opposition thereto. [Rec. Doc. 92]. For the reasons that follow, defendants' Motion will be denied.

Plaintiff, Jamila Mitchell, filed this action against defendants, her former employer, asserting causes of action under Title VII, 42 U.S.C. § 1981 and La. R.S. 23:303, *et. seq.*, as well as other federal and state law claims. Defendants filed a Motion For Summary Judgment as to all of plaintiff's claims as well as a Counterclaim against plaintiff for breach of contract. On January 10, 2014, the Court granted the Motion For Summary Judgment, dismissing plaintiff's claims, and granted the Counterclaim, awarding $26,620.30 plus interest and reasonable attorneys' fees. *R. 81, 82.*

In the motion at bar, defendants seek an award of reasonable attorneys' fees incurred in connection with these proceedings as prevailing parties because plaintiff's claims against Dr. Vieth, individually, "were brought in bad faith and frivolous from the inception" and the claims against Kool Smiles "were equally frivolous, unwarranted and without foundation."[1] *R. 85.* In particular, defendants contend they had to file two separate motions to compel against plaintiff—both of which were granted.

---

[1] Defendants state they are not requesting attorneys' fees represented in the breach of contract claim.

Defendants move for attorney's fees pursuant to 42 U.S.C. §§ 2000e-5(k) and 1988. Section 2000e-5(k) provides that, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." Section 1988 provides, "[i]n any action or proceeding to enforce a provision of . . . this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." District courts exercise their discretion to award attorneys' fees to defendants under to 42 U.S.C. § 1988(b) in such actions where the plaintiff's underlying claim was "frivolous, unreasonable or groundless." *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir.2009). "The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980). In making its determination, the court must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Offord v. Parker*, 456 F. App'x 472, 474 (5th Cir.2012) (quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978). "Instead, a court must ask whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Offord* at 474.

The Court finds that plaintiff's claims were not frivolous, unreasonable or groundless. Thus, plaintiff's claims were not meritless in the *Christiansburg* sense. Even though the claims were ultimately denied, the Court extensively and carefully considered the arguments and the evidence put forth in defendants' motion and plaintiff's opposition before determining that plaintiff's claims were legally insufficient to require a trial. Also, despite defendants'

argument that plaintiff failed to establish a prima facie case under the various federal-law theories she alleged, the claims asserted by plaintiff in this case were not totally groundless. Although the Court ultimately determined that plaintiff's allegations did not rise to the level of constitutional violations, her allegations had an arguably valid factual basis. Finally, awarding attorneys' fees in this case would not necessarily "deter the bringing of lawsuits without foundation," "discourage frivolous suits," and "diminish the likelihood of unjustified suits being brought." *Christiansburg*, 434 U.S. at 420 (citations omitted). Therefore, defendants have not established that they are entitled to a reimbursement of the attorneys' fees incurred in defending against plaintiff's claims.

Richard T. Haik, Sr.